IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Corey Jawan Robinson, # 294233, | ) | C/A No. 5:12-502-JMC-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| Cpt. T. Clark; Ms. D. Bailey, Classification; Lt. J. Williams; Officer S. Mosher; Sgt. J. Aranda; Lolita M. Lee; Sherisse D. Birch; Loretta Aiken; Warden Wayne McCabe; IGC B. J. Thomas; Ofc. J. Middleton; Ofc. Jeremy Johnson; Nurse Luanne Mauney; Nurse J. Scott; Ann Hallman; Ofc. Tabitha Ford; Ms. S. Jones; Cpt.William Brightharp; Major Thierry Nettles; Assoc. Warden Fred Thompson; and Cpt. Ann Sheppard, | ) | ORDER |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel Production of Documents, filed on August 1, 2012. ECF No. 92. Defendants filed a response to this motion on August 8, 2012 and Plaintiff filed a reply on August 15, 2012. ECF Nos. 101, 102. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Plaintiff's Motion to Compel requests that the court order the Defendants to produce documents responsive to Plaintiff's Request for Production that was served on June 11, 2012. ECF No. 92. Plaintiff contends that the discovery sought is relevant to the claims and defenses in his case and therefore his discovery requests should be allowed. *Id.* at 2. In their

Response, ECF No. 101, Defendants contend that they responded to Plaintiff's Motion for Production on July 26, 2012. Defendants argue that Plaintiff's Motion to Compel was signed on July 30, 2012, and that it is likely that Plaintiff did not receive Defendants' Responses at the time Plaintiff filed his motion, and therefore Plaintiff's Motion to Compel is moot. *Id.* In reply to this argument, Plaintiff contends that he received Defendants' response to his discovery requests at the time he filed his Motion to Compel, and therefore his motion is not moot. ECF No. 102 at 1. Plaintiff requests that the court have Defendants produce the documents requested. *Id.*

The court has reviewed Defendants' responses to Plaintiff's Motion for Production, ECF No. 101-1, and the court observes that Defendants objected to a number of Plaintiff's requests contending that the documents requested are maintained by the South Carolina Department of Corrections, and that Defendants are not in possession of these documents. The court notes that several of Plaintiff's requests seek documents or information that is relevant to the prosecution of Plaintiff's case and that Plaintiff would be allowed access to this evidence, except for Defendants hyper-technical application of the rules of discovery.

Plaintiff is a pro se inmate whose requests for production should be liberally construed. The court therefore **grants, in part,** Plaintiff's Motion to Compel, ECF No. 92. Because Defendants, either individually or through their attorney, have access to the documents requested by Plaintiff, Defendants are directed to produce, or facilitate the production of, documents or information responsive to Plaintiff's Request for Production Nos. 1, 3, 4, and 9.

   1. Original or copies of Plaintiff entire medical record at Lieber Correctional Institution.

3. Original or copies of the incident report when Plaintiff was placed on crisis intervention on April 16, 2011 and April 26, 2011.

4. Original or copies of the video record tape when Plaintiff was placed in the restraint chair, April 18, 2011.

9. Original or copies of the use of force report when Plaintiff was placed in the restraint chair April 18, 2011.

*See* ECF Nos. 92, 101-1 at 2, 3, and 9. Defendants are to inform the court if they are unable to provide documents or evidence responsive to the above-referenced requests.

       IT IS SO ORDERED.

August 21, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge