IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson, # 294233, | ) | C/A No. 5:12-502-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cpt. T. Clark; Ms. D. Bailey, Classification; Lt. J. Williams; Officer S. Mosher; Sgt. J. Aranda; Lolita M. Lee; Sherisse D. Birch; Loretta Aiken; Warden Wayne McCabe; IGC B. J. Thomas; Ofc. J. Middleton; Ofc. Jeremy Johnson; Nurse Luanne Mauney; Nurse J. Scott; Ann Hallman; Ofc. Tabitha Ford; Ms. S. Jones; Cpt. William Brightharp; Major Thierry Nettles; Assoc. Warden Fred Thompson; and Cpt. Ann Sheppard, | ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff's Motion for Default Judgment "[p]ursuant to Federal Rules of Civil Procedure Rule 55 and Rule 54(c)," filed on September 26, 2012. ECF No. 119. In support of his motion, Plaintiff contends that he has not received any of the documents that Defendants were ordered to produce in this court's August 21, 2012 Order granting in part Plaintiff's Motion to Compel. ECF No. 103. Plaintiff asks that this court enter judgment by default and award him "everything he request[s] in 2nd Amended Complaint." *Id.* at 2. Defendants Clark, Bailey, Williams, Mosher, Aranda, Lee, Birch, McCabe, Thomas, Brightharp, Nettles, Thompson, and Sheppard oppose Plaintiff's motion arguing that Plaintiff has not set forth any concrete basis for an entry of default. ECF No. 121 at 2. Defendants contend that they have complied in good faith with the court's August 21, 2012 Order and have produced the documents as soon as they were available. *Id.*

at 3.  In Response, Plaintiff acknowledges that he received several documents on September 28, 2012, but argues "that he ha[s] still not review[ed] the DVD tape when placed in the chair."  ECF No. 127 at 2.  Plaintiff also argues that he did not have time to review the documents produced by Defendants in order to file summary judgment prior to the expiration of the dispositive motion deadline on October 5, 2012.  *Id.*[1]  In response to this court's October 17, 2012 Order, ECF No. 134, inquiring about the status of Defendants' reply to Plaintiff's request to view the videotape of Plaintiff's placement in the restraint chair, Defendants indicated that Plaintiff has reviewed the video and that Plaintiff's copy of the tape was placed in his Property Control File.  ECF No. 139.

To the extent that Plaintiff is alleging that Defendants have failed to properly respond to this court's order, a default judgment pursuant to Rules 54(c) and 55 of the Federal Rules of Civil Procedure does not provide the appropriate remedy.[2]  Therefore, the court construes this motion as one for sanctions for failure to timely or adequately respond to the court's August 21, 2012 discovery order.  Fed. R. Civ. P.  Rule 37(b)(2) governs the imposition of sanctions for failure to comply with a discovery order, stating in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include the following: . . . (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(vi).

---

[1] Plaintiff filed a Motion for Summary Judgment on October 15, 2012.  ECF No. 132.

[2] Rule 54(c) refers to the type of relief entitled from a default judgment and Rule 55 addresses entry of default judgment for a party's failure to pled or otherwise defend a judgment for affirmative relief.  *See* Fed. R. Civ. P. 54 and 55.

It appears that Defendants have fully complied with this Court's August 21, 2012 Order; the court therefore declines to impose sanctions. Plaintiff's Motion for Default Judgment, ECF No. 119, is DENIED.

IT IS SO ORDERED.

October 24, 2012 Kaymani D. West
Florence, South Carolina United States Magistrate Judge