## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, # 294233, ) | |
| ) | Civil Action No. 5:12-cv-00502-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Cpt. T. Clark; Ms. D. Bailey, Classification; Lt. J. ) | |
| Williams; Officer S. Mosher; Sgt. J. Aranda; ) | |
| Lolita M. Lee; Sherisse D. Birch; Loretta Aiken; ) | |
| Warden Wayne McCabe; IGC B. J. Thomas; ) | |
| Ofc. J. Middleton; Ofc. Jeremy Johnson; ) | |
| Nurse Luanne Mauney; Nurse J. Scott; ) | |
| Ann Hallman; Ofc. Tabitha Ford; Ms. S. Jones; ) | |
| Cpt.William Brightharp; Major Thierry Nettles; ) | |
| Assoc. Warden Fred Thompson; and ) | |
| Cpt. Ann Sheppard, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 161], filed on January 7, 2013, recommending that Plaintiff Corey Jawan Robinson's [Plaintiff] Motion for Partial Summary Judgment [Dkt. No. 85] be denied. Plaintiff is an inmate proceeding *pro se* alleging various claims in violation of 42 U.S.C. § 1983 including the unjustified use of excessive force, conspiracy, deliberate indifference, and medical indifference, all in violation of his Fourteenth Amendment and Eighth Amendment rights.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination

of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge's Report recommends that Plaintiff's motion for partial summary judgment be denied because the Plaintiff has not met his burden under Rule 56 of the Federal Rules of Civil Procedure to show that no genuine issues of fact remain. The Magistrate Judge found that the record before the court did not support a grant of summary judgment, partial or otherwise.

Plaintiff timely filed objections [Dkt No. 163] to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's first objection[1] involves his allegations that prison officers used excessive force when putting Plaintiff in a restraint chair and when placing him in a Crisis Intervention Cell ("CI cell") allegedly without food, water, clothes or a blanket. Plaintiff argues that the use of the restraint chair was unjustified because there is no evidence that Plaintiff had refused an

---

[1] Plaintiff's "First Objection" is merely a restatement of the summary judgment standard under Rule 56 of the Federal Rules of Civil Procedure coupled with a conclusory statement that summary judgment should be granted. Therefore, the court will treat Plaintiff's "Second Objections" as his first true objection and proceed accordingly.

officer's order, no evidence of Plaintiff causing bodily injury to another officer or prisoner, and no evidence that he was in any other way out of control. Plaintiff further alleges that the officers' unjustified use of the restraint chair leads directly to the conclusion that the officers acted maliciously and sadistically with the intent to punish Plaintiff. Defendant Thompson claims that the use of the restraint chair was based on Plaintiff's continued verbal threats to Defendant Lee that he would hurt himself. Defendant Thompson further attests that the use of the restraint chair was legitimate and justified based on Plaintiff's continued threats of self harm and that Plaintiff suffered no injury from the use of the restraint chair. Finally, Defendant Thompson claims that the use of the chair was not for the purpose of punishing Plaintiff. Because genuine issues of material fact remain regarding the propriety of the officers' use of the restraint chair, Plaintiff's motion for summary judgment cannot be granted.

Plaintiff additionally argues that his placement in a CI cell was unjustified. Plaintiff alleges that Defendants Lee, Aiken, and Sheppard perjured themselves in affidavits they submitted regarding Plaintiff's placement in the CI cell. Plaintiff provides no evidence that these Defendants lied in their affidavits. Because the truth of these Defendants' statements are disputed, summary judgment cannot be granted.

Plaintiff further argues that Defendants are not entitled to qualified immunity. The test for qualified immunity is a two-pronged inquiry; the court must determine (1) whether a constitutional right has been violated on the facts alleged and (2) whether the right was clearly established at the time so that it would be clear to an objectively reasonable officer that his conduct violated that right. *Saucier v. Katz,* 533 U.S. 194, 200-02 (2001). Since it has not been conclusively demonstrated that Plaintiff's constitutional rights have been violated, the court need not reach the issue of whether any or all of Defendants are protected by qualified immunity.

Plaintiff's second objection involves his deliberate indifference claim, in which he alleges that Defendants allowed him to remain paired with a cellmate who he claims presented a substantial threat to his safety. A "prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Further, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Plaintiff's deliberate indifference charge is aimed at Defendants Lee, Clark and Mosher. These Defendants deny knowing that Plaintiff faced a substantial risk of harm from his cellmate. Given this dispute as to what these Defendants knew regarding the substantial risk of harm Plaintiff claims he faced, the court cannot grant summary judgment as genuine issues of material fact remain contested.

In his final objection, Plaintiff alleges that he was not given due process following a charge of masturbation and exhibitionism. In contradiction to Plaintiff's claims, it appears from the record that an incident report was filed, that Plaintiff was charged with exhibitionism, that a hearing was held, that the Warden's decision was issued and that Plaintiff had a chance to and did appeal the decision. Because there is evidence rebutting Plaintiff's claims, the court cannot grant summary judgment.

## CONCLUSION

For the reasons stated above, this court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 161]. It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 85] in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 28, 2012
Greenville, South Carolina